# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TERRANCE J. SHAW,

          Plaintiff,

v.

LAURA FRAZIER,

          Defendant.

Case No. 21-CV-335-JPS

**ORDER**

Plaintiff, Terrance J. Shaw, a former prisoner, brings this action under 42 U.S.C. § 1983 pro se. On July 22, 2022, Plaintiff filed a motion to clarify and stating the relief sought, ECF No. 18, and a second motion to appoint counsel, ECF No. 19. On August 22, 2022, the Court entered a scheduling order with a deadline to complete discovery by February 13, 2023. ECF No. 20. In that order, the Court provided that no motion for the appointment of counsel in this case would be considered until after the close of discovery. *Id.* at 6.

As a civil litigant, Plaintiff has "neither a constitutional nor statutory right to a court-appointed attorney." *James v. Eli*, 889 F.3d 320, 326 (7th Cir. 2018). However, under 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." A court should seek counsel to represent a plaintiff if: (1) he has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Whether

to appoint counsel in a particular case is left to a court's discretion. *James*, 889 F.3d at 326; *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018).

The Court previously denied Plaintiff's request for counsel on May 17, 2022. ECF No. 10. Plaintiff continues to seek counsel, and the Court will not reiterate its previous analysis. In his filings, Plaintiff provides information that he is now without his former prisoner legal aide who previously assisted with his filings. He maintains that he is unable to represent himself because of his 2022 VA diagnosis of diminished mental capacity. *See* ECF Nos. 18.

Plaintiff's additional information does not change the conclusion the Court reached in its previous order denying Plaintiff the appointment of counsel. It is true, as Plaintiff intuits, that a lawyer would be helpful in navigating the legal system. But Plaintiff's lack of legal training brings him in line with practically every other prisoner or former prisoner litigating in this Court. Thus, ignorance of the law or court procedure is generally not a qualifying reason for appointment of counsel. Plaintiff's filings, without the aid of a prisoner legal assistant, have communicated his position to the Court. It is further unclear why Plaintiff's current location outside prison would render him unable to fact-find and interview witnesses; on the contrary, confined prisoners typically have more difficulty with this aspect as their movement is necessarily restricted by imprisonment. Plaintiff may now have access to free online legal resources (at either a public library or community center), such as https://scholar.google/ which permits searches of federal case law, and to law libraries, including the one at the Milwaukee federal courthouse. Plaintiff may also seek limited assistance from the Eastern District of Wisconsin Bar Association Federal Legal Assistance Program. Plaintiff may start this process by completing the online form at

https://edwba.org/form.php?form_id=15. Although Plaintiff has previously indicated he does not have a driver's license and is wheelchair bound, forms of accessible public transportation may be available to Plaintiff.

As such, the Court will deny Plaintiff's motion to appoint counsel. The Court will also deny as moot his motion to clarify, as the Court understands Plaintiff's position and has considered all filings in ruling on his motion to appoint counsel. Finally, the Court additionally notes that Plaintiff has secured counsel in one of his other cases currently pending before this Court. *See Shaw v. Kemper*, Case No. 21-CV-49 JPS. It may be worthwhile for Plaintiff to explore whether these attorneys could offer assistance or otherwise refer counsel.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for appointment of counsel, ECF No. 19, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to clarify and stating the relief sought, ECF No. 18, be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 29th day of December, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

Page 3 of 3

Case 2:21-cv-00335-JPS   Filed 12/29/22   Page 3 of 3   Document 21